**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**SCOTT MILLER,**

         **Plaintiff,**

    v.              **1:12-CV-1100**
                      **(FJS)**

**COMMISSIONER OF SOCIAL SECURITY,**

         **Defendant.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OFFICE OF PETER M. MARGOLIUS**<br>7 Howard Street<br>Catskill, New York 12414<br>Attorneys for Plaintiff | **PETER M. MARGOLIUS, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>**REGIONAL GENERAL COUNSEL'S**<br>**OFFICE, REGION II**<br>26 Federal Plaza - Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | **SIXTINA FERNANDEZ, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Currently before the Court are the parties' cross-motions for judgment on the pleadings.

*See* Dkt. Nos. 11, 13.

### II. BACKGROUND

  On June 4, 2009, Plaintiff filed an application of Social Security Disability Benefits

("DIB") pursuant to §§ 216(i) and 223 of the Social Security Act (the "Act"), as amended, 42 U.S.C. §§ 416(i) and 423, alleging an onset date of November 23, 2008. *See* Dkt. No. 9-2 at 21. On November 12, 2009, he was denied benefits. *See id.* On November 19, 2009, Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"). *See id.*

On December 8, 2010, the hearing was held via video teleconferencing with Plaintiff in Albany, New York and ALJ Ronald L. Waldman presiding in Jericho, New York. *See id.* at 68. Attorney Tracy Weir Marek represented Plaintiff at the hearing. *See id.* at 21. On March 3, 2011, the ALJ issued his decision, finding that Plaintiff had "not been under a disability within the meaning of the Social Security Act from November 23, 2008, through the date of [his] decision." *See id.* In denying Plaintiff's claim, the ALJ made the following findings:

> 1. Plaintiff "met the insured status requirements of the Social Security Act through December 31, 2011."
>
> 2. Plaintiff had "engaged in substantial gainful activity during the following periods: August 2009 through March 2010 (20 CFR 404.1520(b) and 404.1571 *et. seq.*)"
>
> 3. "There ha[d] been no continuous 12-month period during which [Plaintiff had] not engaged in substantial gainful activity."
>
> 4. Plaintiff had "not been under a disability, as defined in the Social Security Act, from November 23, 2008, through the date of this decision. 20 C.F.R. 404.1520(b))."

*See* Dkt. No. 9-2 at 23.

On March 14, 2011, Plaintiff retained new counsel, Peter M. Margolius. *See* Dkt. No. 11 at 2. On April 23, 2012, Mr. Margolius filed a letter brief with the Social Security Appeals Council. *See id.* On May 23, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's March 3, 2011 decision, which meant that the ALJ's determination was the "final

decision of the Commissioner of Social Security" in Plaintiff's case. *See* Dkt. No. 11 at 2; Dkt. No. 9-2 at 2. Plaintiff filed his complaint in this action on July 12, 2012. *See* Dkt. No. 1.

### III. DISCUSSION

**A.    Standard of review**

*1. Substantial evidence*

When reviewing the Commissioner's final decision, the district court may set aside the Commissioner's non-disability determination "only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (citations omitted); *see also Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (stating the court "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision" (citation omitted)). The court's factual review of the Commissioner's decision is limited to whether substantial evidence in the record supports the decision. *See* 42 U.S.C. § 405(g); *see also Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004). The Supreme Court has defined substantial evidence to mean "more than a mere scintilla" and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). An ALJ must also set forth the crucial factors justifying his findings with sufficient specificity to allow the court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because

-3-

an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). A court, however, "cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision." *Scott v. Comm'r of Soc. Sec.*, No. 06-CV-481, 2009 WL 1559819, *2 (N.D.N.Y. June 2, 2009) (citation omitted); *see also* 42 U.S.C. § 405(g).

Additionally, the district court may not affirm an ALJ's disability determination if it reasonably doubts whether the ALJ applied the proper legal standards, even if it appears that substantial evidence supports that determination. *See Pollard v. Halter*, 377 F.3d 183, 188-89 (2d Cir. 2004) (quotation omitted); *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) (citations omitted). "'Failure to apply the correct legal standards is grounds for reversal.'" *Pollard*, 377 F.3d at 189 (quotation omitted).

### *2. Five-step determination of disability*

To be eligible for DIB, a claimant must show that he suffers from a disability within the meaning of the Act. The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A). In addition, a claimant's

> [p]hysical or mental impairment or impairments [must be] of such
> severity that he is not only unable to do his previous work but
> cannot, considering his age, education, and work experience,

> engage in any other kind of substantial gainful work which exists
> in the national economy, regardless of whether such work exists in
> the immediate area in which he lives, or whether a specific job
> vacancy exists for him, or whether he would be hired if he applied
> for work. . . .

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In evaluating DIB claims, the ALJ follows a five-step sequential evaluation process:

> First, the [ALJ] considers whether the claimant is currently
> engaged in substantial gainful activity. If he is not, the [ALJ] next
> considers whether the claimant has a "severe impairment" which
> significantly limits his physical or mental ability to do basic work
> activities. If the claimant suffers such an impairment, the third
> inquiry is whether, based solely on medical evidence, the claimant
> has an impairment which is listed in Appendix I of the regulations.
> If the claimant has such an impairment, the [ALJ] will consider
> him disabled without considering vocational factors such as age,
> education, and work experience . . . Assuming the claimant does
> not have a listed impairment, the fourth inquiry is whether, despite
> the claimant's severe impairment, he has the residual functional
> capacity to perform his past work. Finally, if the claimant is
> unable to perform his past work, the [ALJ] then determines
> whether there is other work which the claimant could perform.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *see also* 20 C.F.R. §§ 404.1520, 416.920.

The claimant bears the burden of proving disability at the first four steps. *See Berry*, 675 F.2d at 467. If the claimant meets his burden, then the Commissioner has the burden of proof at the fifth step. *See id.*

**B.     Whether there was a continuous twelve-month period during which Plaintiff had not engaged in substantial gainful activity**

As an initial matter, there is no dispute that, at the time of the ALJ hearing, Plaintiff was engaged in substantial gainful activity ("SGA"). *See* Dkt. No. 9-2 at 34-35 (Plaintiff's testimony

-5-

that he was working as a salesman for Main's Paper and Food Distributor and had been so employed since August 2010); *see id.* at 35 (Plaintiff's testimony that his net pay was $600 a week, with a gross pay of $1,000 a week).[1] Furthermore, based on a letter that Mr. Harris, Plaintiff's then-attorney, faxed to the ALJ on February 15, 2011, it appears that Plaintiff's employment did not terminate until February 11, 2011, less than a month before the ALJ issued his decision. *See* Dkt. No. 9-2 at 29.

In light of Plaintiff's employment status at the time of the hearing, the ALJ focused his attention on the issue of whether there had been a continuous twelve-month period since Plaintiff's onset date of November 23, 2008, during which Plaintiff had not engaged in SGA. SGA is defined as "work activity that is both substantial and gainful[.]" 20 C.F.R. § 404.1572. "Substantial work activity" is "work activity that involves doing significant physical or mental activities." 20 C.F.R. § 404.1572(a). "Gainful work activity" is work that is "usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Generally, if an individual has earnings from employment or self-employment above a specific level set out in the regulations, it is presumed that he has demonstrated the ability to engage in SGA. *See* 20 C.F.R. §§ 404.1574; 404.1575. Furthermore, the Commissioner's regulations clearly provide that, if the claimant is "able to engage in substantial gainful activity, [the Commissioner] will find that [the claimant is] not disabled." 20 C.F.R. § 404.1571.

In this case, the ALJ found that Plaintiff "had testified that he [had] commenced working in August 2009 and continued working, in excess of substantial gainful activity threshold requirements, through March or April 2010." *See* Dkt. No. 9-2 at 23. Furthermore, the ALJ

---

[1] These earnings are above the threshold level set forth in the regulations.

-6-

concluded that Plaintiff's "work activity [could not] be considered within the context of a trial work period, as a twelve month period of disability is a pre-requisite for the application of trial work period provisions." *See id.* Thus, the ALJ concluded that Plaintiff was not entitled to benefits. *See id.*

Plaintiff does not dispute that he was engaged in SGA through March 2010. However, Plaintiff argues that he was not engaged in SGA from that time until the date of the ALJ's decision, March 3, 2011, which meant that he "was in his 12th month duration requirement for his disability application to be considered [and that] the 12-month duration requirement had been met." *See* Dkt. No. 11 at 2-3.

The Court disagrees. Since Plaintiff acknowledges that he was engaged in SGA through March 2010, he would not have met the requirement of § 404.1505 that his "inability to do any substantial gainful activity . . . [had] lasted . . . for a continuous period of *not less than 12 months*" until at least the end of March 2011, after the ALJ issued his decision on March 3, 2011.[2]

The relevant record evidence supports this conclusion. Plaintiff alleges an onset date of November 23, 2008, at which time he was working as a cook at Livingston Hills, a rehabilitation and nursing facility. *See* Dkt. No. 9-2 at 40. Plaintiff states that he was injured there when he put something back on a shelf, causing him extreme pain in his back. *See id.* In a Disability Report, Form SSA-3368, Plaintiff claimed that he "ended up getting fired becaue [sic] [he could] no longer do [his] job. Reinjured right knee, lower back, can't stand or sit for very long, very,

---

[2] Furthermore, as already noted, Plaintiff, by his own testimony, was engaged in SGA from August 2010, to at least December 8, 2010, if not until February 11, 2011. *See* Dkt. No. 9-2 at 29, 34-35.

very painful, even with all meds can't get comfortable or relax, can't focus." *See* Dkt. No. 9-6 at 6. Although Plaintiff claims that, at that point, he was no longer able to work, he took a job as a food service director in August 2009. *See* Dkt. No. 9-2 at 41. That job required Plaintiff to be on his feet three-quarters of the day, and a quarter of the day behind a desk. *See id.* Plaintiff held that position for approximately eight months, making $16.85 an hour, *see id.* at 37, indicating that Plaintiff held that job until April 2010. This timeline demonstrates that there was no continuous twelve-month period during the relevant time frame in which Plaintiff did not engage in substantial gainful activity.

Thus, for all the above-stated reasons, the Court finds that substantial evidence exists to support the ALJ's determination that there was no continuous twelve-month period during which Plaintiff had not engaged in SGA since his onset date of November 23, 2008, through the date of the ALJ's decision.

## IV. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **DENIED**; and Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: February 13, 2014
       Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Senior United States District Court Judge